2 Dec.
291

# TOLL ROAD ASSESSMENT.

[Circuit Court of Hamilton County, December, 1894.]

†SUSAN A. WINSLOW ET AL. V. THE CITY OF CINCINNATI.

WHO MUST BEAR ASSESSMENT IN A CITY.

Where a part of a toll road is brought within the limits of a city by annexation of territory to such city, and the right to take toll on so much of said road as lies within such limits has been condemned by the city authorities, a part of the amount required to pay the condemnation money may be legally assessed upon the lots and lands abutting on that part of such road lying within the city limits.

SMITH, J.

In this case, with some reluctance, we have reached the conclusion that the same decree should be entered in this court as to the validity of the assessment complained of that was rendered by the court of common pleas, viz.: That under the provisions of the statute, two per centum of the assessment levied by the city, by the front foot, upon the property lying within the city limits, abutting on the turnpike in question, the right of which company to take toll on that part of the road lying within such limits had been condemned by the city, must be paid by the city, and that the residue was legally assessed against the abutting property.

It seems to us that in right and justice, such damages, or a very considerable part of them, should be paid by the city from its general fund, as has been uniformly done hitherto, as we are informed. It certainly is a matter in which *all* of the people of the city are interested, and operates to their benefit, and the abutting landholders, who may be more particularly, are not exclusively interested therein. And yet we cannot say as a matter of law, in view of the decisions of our courts, that the property so abutting is not so specially benefited as to justify an assessment thereon to pay the damages awarded for taking from the company the right to take toll over so much of the road. And as section 2642, Revised Statutes, provides, in effect, that when the property of a turnpike road is acquired by a municipal corporation, provision for the cost thereof may be made as is provided with respect to the cost of ground for streets and other highways of the corporation, and when such property is so acquired, it seems clear under the provisions of section 2264 that the municipal corporation may assess the cost upon the abutting property, it would follow that if the law is valid the cost in this case also may be assessed upon the abutting property. And, as intimated, we are not able to hold that the statute is in violation of any constitutional provision.

There is no claim that if the council had power to make the assessment, that the terms of the statute have not been complied with except as to the two per cent. A decree may be entered accordingly. The city to pay the costs.

*W. M. Ampt*, for Plaintiff.

*Corporation Counsel*, for Defendant.

†This judgment was affirmed by the supreme court, without report, 53 O. S., 665.